UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Vadim Kulakevich, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    -v.-<br><br>First National Collection Bureau, Inc.; LVNV Funding LLC; and John Does 1-25;<br><br>       Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Vadim Kulakevich brings this Class Action Complaint by and through his attorneys, Brubaker Law Group PLLC, against Defendants First National Collection Bureau, Inc. ("First National") and LVNV Funding LLC ("LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

  1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing

1

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Washington consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Washington, County of King.

COMPLAINT

8. Defendant First National is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA

9. First National's registered agent for service is Corporation Service Company 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA 98501.

10. Upon information and belief, First National is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. LVNV's registered agent for service is Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

13. Upon information and belief, LVNV is a company that uses the mail and telephone and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

14. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant First National sent a collection letter;

3

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

      c. on behalf of Defendant LVNV;

      d. attempting to collect a consumer debt;

      e. that has been reduced to judgment;

      f. in three sub-classes where the letter states:

           i. that the interest rate thereon is zero in amount and/or rate;

           ii. that interest amount owed and rate are both zero but also states that because of interest the amount due may rise; or

           iii. states an amount of principal owed that includes interest; and

      g. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

18. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

4

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

20. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

21. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the

5

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

24. Plaintiff repeats the above allegations as if set forth here.

25. Some time prior to February 2, 2021, Plaintiff allegedly incurred an obligation to non-party Synchrony Bank ("Synchrony").

6

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

26. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically credit from Synchrony used for those purposes.

27. The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

28. Synchrony is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

29. LVNV claims to be the current creditor of the Synchrony debt.

30. LVNV collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself, or others on its behalf, using the United States Postal Services, telephone and internet.

31. According to the Letter described below, LVNV "placed" the Synchrony debt with First National for collection.

32. Defendant First National collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - February 2, 2021 Collection Letter*

33. On or about February 2, 2021, Defendant First National, on behalf of Defendant LVNV, sent Plaintiff a collection letter regarding the alleged debt. See Letter attached as Exhibit A.

34. The letter states that "a judgment has been entered against you".

35. The Letter states a "Total Due" of $1,506.42.

36. The Letter also states that the amount of interest owed is zero.

37. It further states that the interest rate is zero percent.

7

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

38. The letter further states, "As of the date of this letter, you owe $1,506.42. Because of interest the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check".

39. According to one part of the letter, the balance will not increase due to interest because the interest rate is zero percent.

40. According to another part of the letter, because of interest the balance may increase.

41. These two statements contradict each other.

42. If the interest rate is zero percent, then the balance will never increase due to interest.

43. If the amount due may increase due to interest, then the rate is not zero percent.

44. In addition, according to the Letter the alleged judgment was entered on March 28, 2016.

45. According to the Letter, no interest has been charged since March 28, 2016, as shown where the amount of interest is listed as zero.

46. As the Letter implies, Defendants never intended to charge any interest.

47. Stating that interest may cause the balance to go up is just a deceptive collection tactic to get Plaintiff to pay.

48. Alternatively, according to state law (RCW 4.56.110) interest was accruing on the judgment.

49. To state that the interest rate is zero percent is therefore false and misleading.

50. If Defendants were permanently waiving statutory interest, they must so state.

51. By failing to bindingly waive interest, Defendants leave open the possibility that they may charge interest at any point or may sell the debt yet again and the new owner can charge interest.

8

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

52. Defendants retained the right to charge the statutorily accruing interest at any time yet simultaneously never intended to collect interest.

53. This is misleading, false, deceptive, and unfair.

54. Finally, the statement in the Letter that the principal is $1,270.17 and that interest is $0.00 is also false misleading, deceptive, and unfair.

55. Upon information and belief, the principal balance of $1,270.17 actually includes interest.

56. This interest was either charged by Synchrony, Defendants, or a prior alleged owner of the debt.

57. Upon information and belief, Defendants lumped interest and principal together and just called it principal.

58. This was done in an improper attempt to coerce payment from Plaintiff.

59. Due to Defendants' actions, Plaintiff was unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and cannot properly evaluate the demand for payment or how to address it.

60. The amount stated as due is therefore false, deceptive, misleading, and unfair.

61. Because of Defendants' improper collection actions Plaintiff was unable to properly respond to the letter.

62. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

63. Because of Defendants' improper collections actions Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had Defendant's letter not contained false, deceptive, misleading, or unfair content.

9

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

64. Defendant was confused as to the debt and the amount involved here and how this implicates his alleged responsibilities for making payment thereon.

65. Plaintiff was concerned and confused by the Letter.

66. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

67. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

68. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

69. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

70. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

71. Defendants' false, deceptive, misleading and/or unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

72. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

73. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

74. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

10

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

75. Plaintiff repeats the above allegations as if set forth here.

76. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

77. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

78. Defendants violated said section, as described above, by making a false and misleading representation in violation of §§ 1692e (2), 1692e (5), 1692e (10); and 1692e.

79. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

80. Plaintiff repeats the above allegations as if set forth here.

81. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

82. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

83. Defendants violated this section as described above.

11

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

84. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

85. Plaintiff repeats the above allegations as if set forth here.

86. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

87. In connection with its initial communication with a consumer, a debt collector must, pursuant to 15 U.S.C. §1692g, send the consumer a written notice containing the amount of the debt.

88. Defendant violated 15 U.S.C. §1692g by failing to properly state, pursuant to § 1692g (a)(1), the amount of the debt, and to the extent the amount was stated, it was overshadowed.

89. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

90. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Vadim Kulakevich, individually and on behalf of all others similarly situated, demands judgment from Defendants First National and LVNV as follows:

12

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Michael Brubaker, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 11, 2021                                 Respectfully submitted,

                                                     s/ Michael Brubaker
                                                     Michael Brubaker, Esq.
                                                     WSBA #49804
                                                     Brubaker Law Group PLLC
                                                     14506 NE 184th Pl
                                                     Woodinville, WA 98072
                                                     (206) 335-8746
                                                     michael@brubakerlawgroup.com

                                                     *Attorneys for Plaintiff*

13

COMPLAINT

Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com